UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP ADKINS,

      Plaintiff,

                            CASE NO.:

-vs-

T-MOBILE USA, INC. and CONVERGENT
OUTSOURCING, INC.,

      Defendants.

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described in the Complaint occurred in Polk County, Florida.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida

5.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. § 1692(a)(3).

6.     Plaintiff is an "alleged debtor."

7.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.      Defendant, T-MOBILE USA, INC., (hereinafter "T-MOBILE") is a corporation which was formed in Delaware with its principal place of business at 12920 S.E. 38th Street, Bellevue, WA. 98006 and conducting business in the State of Florida through its registered agent, Corporation Service Company at 1201 Hays Street, Tallahassee, FL 32301.

9.      Defendant, CONVERGENT OUTSOURCING, INC., (hereinafter "CONVERGENT") is a corporation which was formed in Washington with its principal place of business at 800 SW 39th Street, Renton, WA 98055 and conducting business in the state of Florida through its registered agent, C T Corporation System at 1200 South Pine Island Road, Plantation, FL 33324.

10.     Defendant CONVERGENT is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C. § 1692(a)(6).

11.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and U.S.C. § 1692(a)(5).

12.     Under information and belief, T-MOBILE had knowledge of all actions (further described in the complaint) taken by its agent CONVERGENT, and specifically instructed and/or conspired with CONVERGENT to take such actions as were ultimately taken in regards to Plaintiff.

13.     At all times material, T-MOBILE acknowledged that CONVERGENT would act on behalf of T-MOBILE with respect to the conduct alleged herein; CONVERGENT accepted said undertaking; and T-MOBILE retained control over the actions of its authorized agent.

14.     Upon information and belief, the aforementioned principal/agent relationship by and between T-MOBILE, as principal, and CONVERGENT, as agent, was pursuant to an express agreement, implied agreement and/or gratuitous undertaking.

15.     CONVERGENT disclosed to Plaintiff the principal/agent relationship by and between CONVERGENT and T-MOBILE via correspondence to Plaintiff dated December 31, 2012, wherein CONVERGENT states they are handling debt collection activities on the Plaintiff's account on behalf of T-MOBILE.

16.     On or about November 16, 2012, Plaintiff switched his cell phone service from T-MOBILE to Verizon Wireless.  T-MOBILE agreed that there would be no charges associated with the transfer including no early termination fees.

17.     On or about November 17, 2012, Plaintiff paid his final bill to T-MOBILE.

18.     On or about December 28, 2012, Plaintiff received a telephone call from CONVERGENT, demanding payment for the alleged outstanding balance with T-MOBILE. Plaintiff then contacted T-MOBILE to dispute and discuss the alleged amount owed and requested that the last six months of billing statements be mailed to him.  T-MOBILE agreed to send the bills to Plaintiff, but never did.

19.     On or about December 31, 2012, CONVERGENT called Plaintiff again and a female agent of CONVERGENT asked Plaintiff "Where is our money?" and yelled at Plaintiff and said, "Man up and pay the bill," then hung up.

20.     On or about January 4, 2013, CONVERGENT called Plaintiff again and a male voice said, "Pay T-Mobile" and hung up.

21.     On or about January 7, 2013, Plaintiff contacted T-MOBILE about the alleged outstanding balance and requested that all telephone calls stop.   T-MOBILE advised Plaintiff that the telephone calls would not stop because Plaintiff had not paid his bill.  Plaintiff advised that he never received a copy of the billing statements (as requested on December 28, 2102) and T-MOBILE advised that it would send another copy.

22.     On or about January 9, 2013, CONVERGENT called Plaintiff and requested money on behalf of T-MOBILE and said to Plaintiff, "What kind of example are you setting for your family?"

23.     On or about January 11, 2013, Plaintiff received a letter from T-MOBILE, dated December 24, 2012, claiming that Plaintiff owes an outstanding balance of $195.69.

24.     On or about January 14, 2013 Plaintiff received a "Final Notice" from T-MOBILE, dated December 30, 2012, claiming that Plaintiff owes an outstanding balance of $175.19.

25.     On or about January 17, 2013, CONVERGENT called Plaintiff and asked him if he had paid.  While Plaintiff was explaining his situation to CONVERGENT, CONVERGENT hung up on him.

26.     On or about January 18, 2013, Plaintiff received a letter from CONVERGENT demanding payment in the amount of $175.19 for the alleged debt owed to T-MOBILE.

27.     Plaintiff continued to receive harassing calls from CONVERGENT regarding the alleged debt owed to T-MOBILE.

28.     On or about January 28, 2013, Plaintiff contacted T-MOBILE and asked why he had not yet received the billing statements that he had requested on December 28, 2012.  Plaintiff also asked T-MOBILE why the collection calls had not stopped despite numerous requests.  Plaintiff was advised that there would be a charge billed to him by T-MOBILE for any further attempts by T-MOBILE to resolve the issue or for T-MOBLE to inquire further.

29.     On or about January 30, 2013, a male agent of CONVERGENT called Plaintiff and Plaintiff asked him to stop calling.  The CONVERGENT agent argued with Plaintiff and then hung up on Plaintiff.

30.     On or about February 8, 2013, CONVERGENT called Plaintiff and told him that he (Plaintiff) was "running out of time." Plaintiff asked for the calls to stop, and was hung up on.

31.     CONVERGENT called the Plaintiff approximately 35 times since December 2012, in an attempt to collect a debt not owed by Plaintiff.

32.     CONVERGENT attempted to collect a debt from Plaintiff by this campaign of telephone calls.

33.     CONVERGENT intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

34.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

35.     Each call CONVERGENT made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

36.     Each call CONVERGENT made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

37.     CONVERGENT has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

38.     CONVERGENT's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CONVERGENT that they do not owe on this debt.

39.     CONVERGENT has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

40.     CONVERGENT has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

41.     CONVERGENT's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

42.     CONVERGENT has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

43.     Plaintiff did not expressly consent to CONVERGENT's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CONVERGENT's placement of the calls.

44.     None of CONVERGENT's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

45.     CONVERGENT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA as to Defendant CONVERGENT)

Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) above and further states:

46.     Defendant CONVERGENT willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant CONVEGENT to stop calling Plaintiff.

47.     Defendant CONVERGENT repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or

6

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CONVERGENT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

<u>**COUNT II**</u>
**(Violation of the FCCPA as to Defendant CONVERGENT)**

Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) above and further states:

48.     At all times relevant to this action CONVERGENT is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

49.     CONVERGENT has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

50.     CONVERGENT has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

51.     CONVERGENT has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

52.     CONVERGENT's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CONVERGENT for statutory damages, punitive damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA as to CONVERGENT)

Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) above and further states:

53.   At all times relevant to this action CONVERGENT is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

54.   CONVERGENT has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

55.   CONVERGENT has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

56.   CONVERGENT has violated 15 U.S.C. § 1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which he does not owe.

57.   CONVERGENT has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CONVERGENT for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the TCPA as to Defendant T-MOBILE)

Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) above and further states:

58.   Defendant T-MOBILE had its agent, CONVERGENT, repeatedly place automated telephone calls to the Plaintiff's cellular telephone number without the consent of the Plaintiff.

59.   Defendant T-MOBILE had its agent, CONVERGENT repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

60.   Defendant T-MOBILE, through its agent CONVERGENT, willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant CONVERGENT to stop calling Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against T-MOBILE or statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FCCPA as to Defendant T-MOBILE)

Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-six (46) above and further states:

61.   At all times relevant to this action T-MOBILE is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

62.   T-MOBILE, through its agent CONVERGENT, has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

63.     T-MOBILE, through its agent CONVERGENT, has violated Florida Statute §559.72(7)

by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor

or any member of her or his family.

64.     T-MOBILE, through its agent CONVERGENT, has violated Florida Statute §559.72(9)

by claiming, attempting or threatening to enforce a debt when such person knows that the debt is

not legitimate.

65.     T-MOBILE's actions, though its agent CONVERGENT, have directly and proximately

resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute

§559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against T-MOBILE for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief

the court may deem just and proper.


Respectfully submitted,

Jared M. Lee, Esquire
Morgan & Morgan,  P.A.
20 N. Orange Avenue, Suite 1600
Orlando, Florida 32801
Tele: (407) 420-1414
Fax:  (407) 245-3485
JLee@ForThePeople.com
Florida Bar #:  0052284
Attorney for Plaintiff